IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 16-CV-5300 |
| | ) | |
| v. | ) | Judge Bryan |
| | ) | |
| CLALLAM COUNTY, WASHINGTON, | ) | |
| WASHINGTON DEPARTMENT OF | ) | |
| NATURAL RESOURCES, and the | ) | |
| WASHINGTON NATIONAL GUARD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **PAST COSTS CONSENT DECREE**

TABLE OF CONTENTS

I.      BACKGROUND ........................................................................................................ 3
II.     JURISDICTION ........................................................................................................ 3
III.    PARTIES BOUND .................................................................................................... 3
IV.    DEFINITIONS ........................................................................................................... 3
V.     PAYMENT OF RESPONSE COSTS ...................................................................... 5
VI.    FAILURE TO COMPLY WITH CONSENT DECREE .......................................... 7
VII.   COVENANTS BY PLAINTIFF ............................................................................... 8
VIII.  RESERVATIONS OF RIGHTS BY UNITED STATES ......................................... 9
IX.    COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL
         AGENCIES ............................................................................................................... 9
X.     EFFECT OF SETTLEMENT/CONTRIBUTION ................................................... 10
XI.    NOTICE TO SUCCESSORS-IN-TITLE AND TRANSFERS OF REAL PROPERTY . 11
XII.   ACCESS .................................................................................................................. 12
XIII.  RETENTION OF RECORDS.................................................................................. 13
XIV.  NOTICES AND SUBMISSIONS........................................................................... 14
XV.   RETENTION OF JURISDICTION ........................................................................ 16
XVI.  INTEGRATION/APPENDIX ................................................................................. 14
XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ................................... 16
XVIII. SIGNATORIES/SERVICE................................................................................... 16
XIX.  FINAL JUDGMENT .............................................................................................. 17

# I.      BACKGROUND

A.      The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, seeking reimbursement of response costs incurred at or in connection with the release or threatened release of hazardous substances at the Salt Creek Park Firing Range Site in Port Angeles, Clallam County, Washington ("the Site").

B.      The Defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.  The United States, on behalf of the Settling Federal Agencies, does not admit any liability arising out of the transactions or occurrences alleged in any counterclaim asserted by Settling Defendants.

C.      The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

# II.      JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

# III.      PARTIES BOUND

2.      This Consent Decree is binding upon the United States and upon Settling Defendants and their successors, and assigns.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

# IV.      DEFINITIONS

3.      Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" or "day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

"Owner Settling Defendants" shall mean Clallam County, Washington and Washington Department of Natural Resources.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and Settling Defendants.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through May 31, 2015.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean Clallam County, Washington, Washington Department of Natural Resources and the Washington National Guard.

"Settling Federal Agencies" shall mean the United States Department of Defense, the United States Army Corps of Engineers and the United States Coast Guard and their successor departments, agencies, or instrumentalities.

"Site" shall mean the Salt Creek Park Firing Range Site, encompassing approximately 1 acre, located mainly within the Salt Creek Recreation Area County Park and adjacent land, and generally shown on the map included in Appendix A.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA and Settling Federal Agencies.

## V.   PAYMENT OF RESPONSE COSTS

4.     <u>Payment by Settling Defendants for Past Response Costs</u>.  Within 60 days after the Effective Date, Settling Defendants shall pay to EPA $248,227.73.  The Parties to this Consent Decree recognize and acknowledge that the payment obligations of Settling Defendants under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be interpreted or construed as a commitment or requirement that any Settling Defendant obligate or pay funds in contravention of any applicable provision of law.   The Settling Defendants agree among themselves to allocate the payment of this amount as follows: $165,485.15 to be paid by Clallam County; $74,468.32 to be paid by the State Department of Natural Resources; and $8,274.26 to be paid by the Washington National Guard.

5.     Payment by Settling Defendants shall be made at https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Western District of Washington after the Effective Date.  The payment instructions provided by the FLU shall include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree.  The FLU shall provide the payment instructions to the following persons on behalf of the Settling Defendants:

> Clallam County - $165,485.15
> Jim Jones
> 223 E. Fourth St., Ste. 4
> Port Angeles, WA  98362
> jjones@co.clallam.wa.us
>
> Washington Dept. of Natural Resources - $74,468.32
> Financial Management Division
> Attn: Bonnie Jubb
> 1111 Washington Street SE
> MS 47041

Olympia, WA 98504-7041
Bonnie.jubb@dnr.wa.gov
360-902-1254

Washington National Guard - $8,274.26
Rich Shimizu
1 Militia Drive
Camp Murray, WA 98430-5092
rich.shimizu@mil.wa.gov
253-512-7596

Settling Defendants may change the individual to receive payment instructions on their behalf by providing written notice of such change to DOJ and EPA in accordance with Section XIV (Notices and Submissions).

6.      At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XIV (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

EPA Cincinnati Finance Office
26 Martin Luther King Drive
Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number 10HY, and DOJ case number 90-11-3-10945.

7.      The total amount to be paid pursuant to Paragraph 4 shall be deposited by EPA in the EPA Hazardous Substance Superfund.

8.      <u>Payment by the United States, on behalf of the Settling Federal Agencies.</u>

a.      As soon as reasonably practicable after the Effective Date, the United States, on behalf of Settling Federal Agencies, shall pay to EPA $579,198.03.  The total amount to be paid on behalf of Settling Federal Agencies pursuant to this Paragraph shall be deposited by EPA in the EPA Hazardous Substance Superfund.

b.      <u>Interest</u>.  In the event that any payment required by Paragraph 8.a is not made within 120 days after the Effective Date, Interest on the unpaid balance shall be paid at the rate established pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), with such Interest commencing on the 121st day after the Effective Date and accruing through the date of the payment.

c.      The Parties to this Consent Decree recognize and acknowledge that the payment obligations of the United States, on behalf of the Settling Federal Agencies under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be interpreted or construed as a commitment or requirement

that any Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

## VI.    FAILURE TO COMPLY WITH CONSENT DECREE

9.    <u>Interest on Late Payments</u>.  If any Settling Defendant fails to make any payment under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) by the required due date, Interest shall accrue on the unpaid balance from the date payment was due through the date of payment.

10.    <u>Stipulated Penalty.</u>

a.    If any amounts due to EPA under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated daily penalty, in addition to the Interest required by Paragraph 9:

(1)    $1000.00 per day for days 1 through 15 that such payment is late;

(2)    $2000.00 per day for days 16 through 30 that such payment is late; and

(3)    $3500.00 per day beginning on day 31 that such payment is late.

b.    Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire Electronic Funds Transfer ("EFT") to:

Federal Reserve Bank of New York
ABA = 021030004
Account = 68010727
SWIFT address = FRNYUS33
33 Liberty Street
New York NY 10045

Field Tag 4200 of the Fedwire message should read "D 68010727 Environmental Protection Agency"

c.    At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XIV (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

EPA Cincinnati Finance Office
26 Martin Luther King Drive
Cincinnati, Ohio 45268

Such notice shall reference Site/Spill ID Number 10HY, the CDCS Number, and DOJ Case Number 90-11-3-10945.

              d.      Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

11.     If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12.     Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

13.     The obligations of Settling Defendants to pay amounts owed the United States under this Consent Decree are joint and several.  In the event of the failure of any one or more Settling Defendants to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.  Nothing in this Consent Decree shall obligate Settling Defendants to pay amounts owed by Settling Federal Agencies.

14.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section V.

## VII.    COVENANTS BY PLAINTIFF

15.     <u>Covenants for Settling Defendants by United States</u>.  Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. These covenants shall take effect upon receipt by EPA of the payments required by Paragraph 4 (Payment by Settling Defendants for Past Response Costs) and any Interest or stipulated penalties due thereon under Paragraph 9 (Interest on Late Payments) or 10 (Stipulated Penalty).  These covenants are conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree.  These covenants extend only to Settling Defendants and do not extend to any other person.

16.     <u>Covenant for Settling Federal Agencies by EPA</u>.  Except as specifically provided in Section VIII (Reservation of Rights by United States), EPA covenants not to take administrative action against Settling Federal Agencies pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs.  This covenant shall take effect upon receipt by EPA of the payment required by Paragraph 8.a with any Interest due thereon under Paragraph 8.b (Interest).  This covenant is conditioned upon the satisfactory performance by Settling Federal Agencies of their obligations under this Consent Decree.  This covenant extends only to Settling Federal Agencies and does not extend to any other person.

## VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES

17.   The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants, and EPA and the federal natural resource trustees reserve, and this Consent Decree is without prejudice to, all rights against Settling Federal Agencies, with respect to all matters not expressly included within the Covenants by Plaintiff in Paragraph 15 and the Covenant for Settling Federal Agencies by EPA in Paragraph 16.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants, and EPA and the federal natural resource trustees reserve, and this Consent Decree is without prejudice to, all rights against Settling Federal Agencies, with respect to:

a.   liability for failure of Settling Defendants or Settling Federal Agencies to meet a requirement of this Consent Decree;

b.   liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c.   liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d.   criminal liability; and

e.   liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.   COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCIES

18.   <u>Covenants by Settling Defendants</u>.  Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs and this Consent Decree, including but not limited to:

a.   any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.   any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Washington, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

c.   any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

19.   Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

20.     <u>Covenant by Settling Federal Agencies</u>.  Settling Federal Agencies agree not to assert any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law with respect to Past Response Costs and this Consent Decree.  This covenant does not preclude demand for reimbursement from the Superfund of costs incurred by a Settling Federal Agency in the performance of its duties (other than pursuant to this Consent Decree) as lead or support agency under the National Contingency Plan (40 C.F.R. Part 300).

21.     <u>Claims Against De Micromis Parties</u>.  Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for all matters relating to the Site against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

22.     The waiver in Paragraph 21 shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.  This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines:

a.     that such person has failed to comply with any EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of RCRA, 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

b.     that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.

X.     EFFECT OF SETTLEMENT/CONTRIBUTION

23.     Except as provided in Paragraph 21 (Claims Against De Micromis Parties), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Except as provided in Section IX (Covenants by Settling Defendants and Settling Federal Agencies), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any

person not a Party hereto.  Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

24.     The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that each Settling Defendant and each Settling Federal Agency is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are Past Response Costs.  The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a "civil action under section 9606 of this title or under section 9607(a) of this title" for purposes of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially approved settlement pursuant to which each Settling Defendant and each Settling Federal Agency has, as of the Effective Date, "resolved its liability to the United States . . . for some or all of a response action or for some or all of the costs of such action" for purposes of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

25.     Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim.  Each Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 20 days after service of the complaint or claim upon it.  In addition, each Settling Defendant shall notify EPA and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

26.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII.

XI.     NOTICE TO SUCCESSORS-IN-TITLE AND TRANSFERS OF REAL PROPERTY

27.     For any real property owned or controlled by Owner Settling Defendants located at the Site, Owner Settling Defendants shall, within 30 days after the Effective Date, submit to EPA for review and approval a proposed notice to be filed with the appropriate land records office that: (a) provides a description of the real property; (b) provides notice to all successors-in-title that the real property is part of the Site and that EPA has  completed a response action for the Site; (c) describes the land or resource use restrictions, if any, set forth in Paragraph 31; and (d) identifies the U.S. District Court in which this Consent Decree was filed, the name and civil action number of this case, and the date this Consent Decree was entered by the Court.  Owner

Settling Defendants shall record the notice within ten days after EPA's approval of the notice. Owner Settling Defendants shall provide EPA with a certified copy of the recorded notice within ten days after recording such notice.

28.     Owner Settling Defendants shall, at least 60 days prior to any Transfer of any real property located at the Site, give written notice: (a) to the transferee regarding the Consent Decree and any institutional controls regarding the real property; and (b) to EPA and the State regarding the proposed Transfer, including the name and address of the transferee and the date on which the transferee was notified of the Consent Decree and any institutional controls.

29.     Owner Settling Defendants may Transfer any real property located at the Site only if: (a) any Proprietary Controls required by Paragraph 31 have been recorded with respect to the real property; or (b) Owner Settling Defendants has obtained an agreement from the transferee, enforceable by Owner Settling Defendants and the United States, to (1) allow access and restrict land or resource use, pursuant to Paragraphs 31, (2) record any Proprietary Controls on the real property, pursuant to Paragraph 31 and (3) subordinate its rights to any such Proprietary Controls, pursuant to Paragraph 31**Error! Reference source not found.**, and EPA has approved the agreement in writing.  If, after a Transfer of the real property, the transferee fails to comply with the agreement provided for in this Paragraph 29, Owner Settling Defendants shall take all reasonable steps to obtain the transferee's compliance with such agreement.  The United States may seek the transferee's compliance with the agreement and/or assist Owner Settling Defendants in obtaining compliance with the agreement.  Settling Defendants shall reimburse the United States for all costs incurred, direct or indirect, by the United States regarding obtaining compliance with such agreement, including, but not limited to, the cost of attorney time.

30.     In the event of any Transfer of real property located at the Site, unless the United States otherwise consents in writing, Owner Settling Defendants shall continue to comply with its obligations under the Consent Decree, including, but not limited to, its obligation to provide and/or secure access, to implement, maintain, monitor, and report on any institutional controls, and to abide by any such institutional controls.

## XII.    ACCESS

31.     If the Site, or any other real property where access or land or resource use restrictions are needed, is owned or controlled by Owner Settling Defendants:

a.      Owner Settling Defendants shall, commencing on the Effective Date, and after reasonable notice and explanation of the basis for entry, provide the United States and potentially responsible parties who have entered or may enter into an agreement with the United States for performance of response action at the Site (hereinafter "Performing Parties"), and their representatives, contractors, and subcontractors, with access at all reasonable times to the Site, or such other real property, to conduct any activity relating to response action at the Site, including, but not limited to, the following activities:

(1)     Monitoring, investigation, removal, remedial or other activities at the Site;

(2)     Verifying any data or information submitted to the United States;

(3)     Conducting investigations regarding contamination at or near the Site;

(4)     Obtaining samples;

(5)     Assessing the need for, planning, or implementing response actions at or near the Site;

(6)     Assessing compliance by Owner Settling Defendants and any Performing Parties; and

(7)     Determining whether the Site or other real property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted under the Consent Decree.

32.     If EPA determines that institutional controls in the form of state or local laws, regulations, ordinances, zoning restrictions, or other governmental controls are needed at or in connection with the Site, Owner Settling Defendants shall cooperate with EPA's efforts to secure and ensure compliance with such governmental controls.

33.     Notwithstanding any provision of the Consent Decree, the United States retains all of its access authorities and rights, as well as all of its rights to require institutional controls, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

## XIII.   RETENTION OF RECORDS

34.     Until ten years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all non-identical copies of records, reports, or information (hereinafter referred to as "Records") (including records in electronic form) now in its possession or control, or that come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any document retention policy to the contrary.

35.     After the conclusion of the ten-year document retention period in the preceding Paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such Records to EPA.  Settling Defendants may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendants assert such a privilege, they shall provide Plaintiffs with the following: (1) the title of the Record; (2) the date of the Record; (3) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; (4) the name and title of each addressee and recipient; (5) a description of the subject of the Record; and (6) the privilege asserted.  If a claim of privilege applies only to a portion of a Record, the Record shall be provided to Plaintiffs in redacted form to mask the privileged information only.  Settling Defendants shall retain all Records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor.

36.     Each Settling Defendant certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since the earlier of notification of potential liability by the United States or the State or the filing of suit against it regarding the Site.

37.     The United States acknowledges that each Settling Federal Agency (1) is subject to all applicable Federal record retention laws, regulations, and policies; and (2) has certified that it has fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XIV.   NOTICES AND SUBMISSIONS

38.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to EPA, DOJ, and Settling Defendants, respectively.

<u>As to DOJ</u>:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C.  20044-7611
Re: DJ # 90-11-3-10945


Chief, Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C.  20026-3986
Re: DJ # 90-11-6-19751

<u>As to EPA</u>:

Kristin Leefers
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region X
1200 Sixth Avenue, Suite 900
Mail Stop: ORC-158
Seattle, Washington 98101
Re: Salt Creek Park Firing Range Site

Kathy Parker
On Scene Coordinator
U.S. Environmental Protection Agency, Region X
1200 Sixth Avenue, Suite 900
Mail Stop: ECL-116
Seattle, Washington 98101
Re: Salt Creek Park Firing Range Site


As to Settling Defendants:

State of Washington
Peter Goldmark
Washington State Commissioner of Public Lands
State of Washington Department of Natural Resources
111 Washington Street SE

        and

Office of the Attorney General
Natural Resources Division
PO Box 40100
Olympia, WA 98504-0100

        and

Washington National Guard
Rich Shimizu
1 Militia Drive
Camp Murray, WA 98430-5092
        and

Office of the Attorney General
Attn: Brian Faller
Government Operations Division
PO Box 40108
Olympia, WA 98504-0108

Clallam County:
Clallam County Prosecuting Attorney
223 E. Fourth St., Ste. 11
Port Angeles, WA  98362

## XV.    RETENTION OF JURISDICTION

39.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI.    INTEGRATION/APPENDIX

40.    This Consent Decree and its appendix constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.  The following appendix is attached to and incorporated into this Consent Decree: "Appendix A" is the map of the Site.

## XVII.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

41.    This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendants consent to the entry of this Consent Decree without further notice.

42.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVIII.    SIGNATORIES/SERVICE

43.    Each undersigned representative of a Settling Defendant to this Consent Decree and the Deputy Chief, Environmental Enforcement Section, and Chief, Environmental Defense Section, Environment and Natural Resources Division, United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

44.    Each Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

45.    Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.  The Parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XIX.   FINAL JUDGMENT

46.    Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 13th DAY OF JUNE, 2016.

ROBERT J. BRYAN
United States District Judge

Signature Page for Consent Decree Regarding Salt Creek Park Firing Range Site

**FOR THE UNITED STATES OF AMERICA**:

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division

3-14-16
Date

THOMAS A. MARIANI, JR.
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C.  20044-7611

3|14|16
Date

DEANNA J. CHANG
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
805 SW Broadway, Suite 600
Portland, OR 97205

Date

LETITIA GRISHAW
Chief
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, DC 20044-7611

Date

SONYA J. SHEA
Trial Attorney
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, DC  20044-7611

Signature Page for Consent Decree Regarding Salt Creek Park Firing Range Site

## FOR THE UNITED STATES OF AMERICA:

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division

Date

THOMAS A. MARIANI, JR.
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, D.C.  20044-7611

Date

DEANNA J. CHANG
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
805 SW Broadway, Suite 600
Portland, OR 97205

4/1/2016
Date

LETITIA GRISHAW
Chief
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, DC 20044-7611

4/1/2016
Date

SONYA J. SHEA
Trial Attorney
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, DC  20044-7611

Signature Page for Consent Decree Regarding Salt Creek Park Firing Range Site

1/14/2016
_____
Date

_____
SHEILA FLEMING
Acting Director, Office of Environmental Cleanup
 Region X
U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101

1/13/16
_____
Date

_____
KRISTIN LEEFERS
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region X
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101

18

Signature Page for Consent Decree Regarding Salt Creek Park Firing Range Site

## FOR CLALLAM COUNTY, WASHINGTON

9 FEB 2016
Date

~~Jim McEntire~~ Mike Chapman
Chair, Clallam County Commissioners
223 E. Fourth St., Ste. 4
Port Angeles, WA 98362

2/12/16
Date

Kristina Nelson-Gross
Civil Deputy Prosecuting Attorney
223 E. Fourth St., Ste. 11
Port Angeles, WA 98362

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Clallam County Prosecuting Attorney
223 E. Fourth St., Ste. 11
Port Angeles, WA 98362

19

Signature Page for Consent Decree Regarding Salt Creek Park Firing Range Site

**FOR WASHINGTON DEPARTMENT OF NATURAL RESOURCES**

1/14/2016
_____
Date

_____

Peter Goldmark
Commissioner of Public Lands
State of Washington Department of Natural Resources
1111 Washington Street SE
Olympia, WA 98504

1/15/2016
_____
Date

_____

Christa L. Thompson
Assistant Attorney General
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100

Agent Authorized to Accept Service on Behalf of Above-signed Party:

_____

Bob Ferguson
Attorney General
State of Washington
PO Box 40100
Olympia, WA 98504-0100

20

Signature Page for Consent Decree Regarding Salt Creek Park Firing Range Site

**FOR WASHINGTON DEPARTMENT OF
NATURAL RESOURCES**

_____
Date

_____
Peter Goldmark
Commissioner of Public Lands
State of Washington Department of Natural Resources
1111 Washington Street SE
Olympia, WA 98504

2-17-16
Date

_____
Christa L. Thompson
Assistant Attorney General
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100

Agent Authorized to Accept Service on Behalf of Above-signed Party:

_____
Christa L. Thompson
Assistant Attorney General
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100

20

Signature Page for Consent Decree Regarding Salt Creek Park Firing Range Site

**FOR WASHINGTON NATIONAL GUARD**

12/2/15
Date

Major General Bret Daugherty
Adjutant General, Washington State Military Department
Bldg 1, Camp Murray
Tacoma, WA 98430-5000

12/02/15
Date

Brian Faller
Assistant Attorney General
7141 Cleanwater Drive SW
PO Box 40108
Olympia, WA 98504-0108

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Bob Ferguson
Attorney General
State of Washington
PO Box 40100
Olympia, WA 98504-0100

21

Signature Page for Consent Decree Regarding Salt Creek Park Firing Range Site

## FOR WASHINGTON NATIONAL GUARD

_____
Date

Major General Bret Daugherty
Adjutant General, Washington State Military Department
Bldg 1, Camp Murray
Tacoma, WA 98430-5000

February 16, 2016
Date

Brian Faller
Assistant Attorney General
7141 Cleanwater Drive SW
PO Box 40108
Olympia, WA 98504-0108

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Brian Faller
Assistant Attorney General
7141 Cleanwater Drive SW
PO Box 40108
Olympia, WA 98504-0108

21



APPENDIX A